UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TAISHA PENA, YANEIRIS FERNANDEZ,        Civil Action No.
and JONATHAN DELGADO,

                        Plaintiffs,

    -against-

JARM COMMUNICATIONS INC.,
AHN COMMUNICATIONS INC.,
HAJ COMMUNICATIONS INC,
JAH COMMUNICATIONS INC.,
and HECTOR MORONTA,

                        Defendants.
-----------------------------------------------------------X

## COMPLAINT

Plaintiffs, TAISHA PENA, YANEIRIS FERNANDEZ, and JONATHAN DELGADO ("Plaintiffs"), as and for their Complaint against Defendants, JARM COMMUNICATIONS INC., AHN COMMUNICATIONS INC., HAJ COMMUNICATIONS INC, JAH COMMUNICATIONS INC., and HECTOR MORONTA (collectively, "Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Taisha Pena ("Pena") is an adult female who resides in Bronx, New York.

6. Plaintiff Pena was employed by Defendants from on or about May 6, 2019 until on or about December 22, 2019.

7. Plaintiff Yaneiris Fernandez ("Fernandez") is an adult female who resides in Bronx, New York.

8. Plaintiff Fernandez was employed by Defendants from on or about September 12, 2019 until on or about February 4, 2020.

9. Plaintiff Jonathan Delgado ("Delgado") is an adult male who resides in New York, New York.

10. Plaintiff Delgado has been employed by Defendants from on or about September 15, 2019 until the present.

11. According to the New York State Department of State, Division of Corporations, Defendant, JARM Communications Inc. (hereinafter, "JARM"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, Defendant JARM maintains a principal place of business located at 3221 Third Avenue, Bronx, New York 10451.

13. Upon information and belief, Defendant JARM owns and operates the Metro PCS retail store located at 3221 Third Avenue, Bronx, New York 10451 (the "Third & 163rd Metro PCS Store").

14. At all relevant times, Defendant JARM has maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

15. According to the New York State Department of State, Division of Corporations, Defendant, AHN Communications Inc. (hereinafter, "AHN"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

16. Upon information and belief, Defendant AHN maintains a principal place of business located at 2385 Grand Concourse, Bronx, New York 10458.

17. Upon information and belief, Defendant AHN owns and operates the Metro PCS retail store located at 2385 Grand Concourse, Bronx, New York 10458 (the "Grand Concourse Metro PCS Store").

18. At all relevant times, Defendant AHN has maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

19. According to the New York State Department of State, Division of Corporations, Defendant, HAJ Communications Inc (hereinafter, "HAJ"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

20. Upon information and belief, Defendant HAJ maintains a principal place of business located at 11 West Tremont Avenue, Bronx, New York 10455.

21. Upon information and belief, Defendant HAJ owns and operates the Metro PCS retail store located at 11 West Tremont Avenue, Bronx, New York 10455 (the "West Tremont Metro PCS Store").

22. At all relevant times, Defendant HAJ has maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

23. According to the New York State Department of State, Division of Corporations, Defendant, JAH Communications Inc. (hereinafter, "JAH"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

24. Upon information and belief, Defendant JAH maintains a principal place of business located at 2810 Third Avenue, Bronx, New York 10455.

25. Upon information and belief, Defendant JAH owns and operates the Metro PCS retail store located at 2810 Third Avenue, Bronx, New York 10455 (the "Third & 148th Metro PCS Store").

26. At all relevant times, Defendant JAH has maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

27. Upon information and belief, Defendants JARM, AHN, HAJ, and JAH (collectively, "Corporate Defendants") were owned, operated, and controlled by Defendant Hector Moronta ("Moronta").

28. Upon information and belief, the Corporate Defendants were part of a single integrated enterprise that jointly employed Plaintiffs.

4

29. Upon information and belief, the Corporate Defendants' operations were interrelated and unified.

30. Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by Defendant Moronta.

31. Upon information and belief, at all relevant times, the Corporate Defendants shared employees, equipment, and supplies.

32. Upon information and belief, Defendant Moronta is a resident of the State of New York.

33. Upon information and belief, at all relevant times, Defendant Moronta was a shareholder, owner, officer, director, and/or managing agent of each Corporate Defendant.

34. Upon information and belief, at all relevant times, the Corporate Defendants were owned, operated, and/or controlled by Defendant Moronta.

35. Upon information and belief, at all relevant times, Defendant Moronta exercised operational control over the Corporate Defendants, controlled significant business functions of the Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

36. Upon information and belief, at all relevant times, Defendant Moronta participated in running the daily operations of the Corporate Defendants and the Metro PCS retail stores that are owned and operated by the Corporate Defendants.

37. Upon information and belief, at all relevant times, Defendant Moronta participated in the management and supervision of the employees employed by the Corporate Defendants.

38. Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

39. Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

40. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

## **FACTS**

41. Defendants own and operate Metro PCS (also known as "Metro by T-Mobile") retail stores for the purpose of selling cellular telephones and other merchandise to the public.

42. At all times relevant to this action, Plaintiffs were employed as retail clerks for the benefit of and at the direction of Defendants at their Metro PCS retail stores.

43. During Plaintiff Pena's employment with Defendants, Plaintiff Pena primarily worked at Defendants' Third & 148th Metro PCS Store; however, she also worked at Defendants' Third & 163rd Metro PCS Store, Grand Concourse Metro PCS Store, and West Tremont Metro PCS Store as needed.

44. During Plaintiff Fernandez's employment with Defendants, Plaintiff Fernandez primarily worked at Defendants' Third & 163rd Metro PCS Store; however, she also worked at Defendants' Third & 148th Metro PCS Store, Grand Concourse Metro PCS Store, and West Tremont Metro PCS Store as needed.

45. During Plaintiff Delgado's employment with Defendants, Plaintiff Delgado primarily worked at Defendants' Third & 148th Metro PCS Store; however, he also worked at Defendants' Third & 163rd Metro PCS Store, Grand Concourse Metro PCS Store, and West Tremont Metro PCS Store as needed.

46. Throughout their employment with Defendants, Plaintiffs' primary duty was to assist customers and operate the cash register.

47. Throughout their employment, Plaintiffs were required to sign-in at the beginning of their shifts and to sign-out at the end of their shifts.

48. Upon information and belief, Defendants are in possession of time records for the hours that Plaintiffs worked each day and week.

49. Throughout their employment, Plaintiffs typically worked five (5) days per week with two (2) rotating days off.

50. Throughout their employment, Plaintiffs typically worked from about 9:30 a.m. until about 8:30 p.m. each shift. Defendants time records will establish the exact days and times Plaintiffs worked throughout their employment.

51. During their employment, Plaintiffs generally worked about fifty-five (55) hours per week. Again, Defendants time records will establish the exact number of hours Plaintiffs worked each day and week throughout their employment.

52. Throughout Plaintiff Pena and Fernandez's employment, Defendants paid them $13.50 per hour.

53. From the beginning of Plaintiff Delgado's employment until about February 1, 2020, Defendants' paid him $13.50 per hour. Thereafter, Defendants have paid him $15.00 per hour.

54. Throughout their employment, Defendants paid Plaintiffs on a weekly basis in cash.

55. Throughout their employment, Defendants paid Plaintiffs straight-time for all hours worked.

56. Throughout their employment, Defendants did not pay Plaintiffs overtime compensation for any hours that they worked in excess of forty (40) hours each week.

57. Throughout their employment, Defendants have not paid Plaintiffs at a rate of one and one-half times their regular rate of pay for any hours that they worked in excess of forty (40) hours each week.

58. From December 31, 2019 through the end of her employment, Defendants did not pay Plaintiff Fernandez the statutory minimum wage rate for all hours worked.

59. From December 31, 2019 until about February 1, 2020, Defendants did not pay Plaintiff Delgado the statutory minimum wage rate for all hours worked.

60. Throughout Plaintiffs' employment, Plaintiffs regularly worked in excess of ten (10) hours per day.

61. Despite working in excess of ten (10) hours per day, Defendants did not pay Plaintiffs spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which Plaintiffs worked in excess of ten (10) hours.

62. Defendants did not provide Plaintiffs with a notice and acknowledgment of payrate and pay day, or any other type of wage notice, at the time of their hiring or at any other time thereafter, as required by NYLL § 195(1).

63. Throughout their employment, Defendants did not provide Plaintiffs with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with their weekly earnings, as required by NYLL § 195(3).

64. Defendant Moronta participated in the decision to hire Plaintiffs.

65. Defendant Moronta participated in the decision to fire Plaintiffs Pena and Fernandez.

66. Defendant Moronta participated in deciding the manner in which Plaintiffs were paid.

67. Defendant Moronta participated in setting Plaintiffs' work schedule.

68. Defendant Moronta participated in deciding the hours that Plaintiffs worked each week.

69. Defendant Moronta participated in deciding the job duties that Plaintiffs performed on a daily basis.

70. Defendant Moronta participated in the daily supervision of Plaintiffs' duties.

71. Defendant Moronta participated in running the day-to-day operations of the Corporate Defendants.

72. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

73. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

74. Defendants were aware of Plaintiffs' work hours but failed to pay them the full amount of overtime compensation to which they were and are entitled for this work time under the law.

75. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

76. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

78. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are an enterprise engaged in commerce or in the production of goods for commerce.

79. At all times relevant to this Complaint, the Corporate Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled retail merchandise that originated outside of the State of New York.

80. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendants for 2019 was not less than $500,000.00, individually or jointly.

81. Additionally, Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiffs were individually engaged in interstate commerce within the scope of their job duties by processing credit card payments through companies located outside of the State of New York.

82. At all times relevant to this action, Plaintiffs have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

83. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

84. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

85. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

86. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

87. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

88. Defendants have not acted in good faith with respect to the conduct alleged herein.

89. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

90. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

92. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

93. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

94. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week.

95. Plaintiffs are not exempt from the overtime provisions of the New York Labor Law, because they do not meet the requirements for any of the reduced number of exemptions available under New York law.

96. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

97. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 19
### FAILURE TO PAY MINIMUM WAGES
### On Behalf of Plaintiffs Fernandez and Delgado Only

98. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

99. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiffs Fernandez and Delgado at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

100. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs Fernandez and Delgado's rights.

101. As a result of Defendants' unlawful practices, Plaintiffs Fernandez and Delgado have suffered a loss of wages.

102. As a result of Defendants' violations of the NYLL, Plaintiffs Fernandez and Delgado have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

103. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

104. In violation of the NYLL and the Regulations pertaining thereto, Defendants have failed to pay Plaintiffs an additional hour of pay when the spread of hours between the beginning and end of Plaintiffs' workday exceeded ten (10) hours.

105. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

106. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## <u>FAILURE TO PROVIDE WAGE NOTICES</u>

107.  Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

108.  Defendants willfully failed to furnish Plaintiffs with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by each Plaintiff as his/her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

109.  Through their knowing and intentional failure to provide Plaintiffs with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

110.  Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## <u>FAILURE TO PROVIDE WAGE STATEMENTS</u>

111.  Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

112.  Defendants have willfully failed to provide Plaintiffs with written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of

employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

113.   Through their knowing and intentional failure to provide Plaintiffs with wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

114.   Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs;

        2.    Willfully violated the provisions of the FLSA;

        3.    Violated the provisions of the NYLL by failing to pay overtime, minimum wages, and spread of hours compensation to Plaintiffs;

        4.    Willfully violated the applicable provisions of the NYLL;

        5.    Violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices and wage statements;

    B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award attorneys' fees and costs incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 26, 2020

                                    Neil H. Greenberg, Esq.
                                    Keith E. Williams, Esq.
                                    Neil H. Greenberg & Associates, P.C.
                                    *Attorneys for the Plaintiffs*
                                    4242 Merrick Road
                                    Massapequa, New York 11758
                                    Tel: 516.228.5100
                                    nhglaw@nhglaw.com
                                    keith@nhglaw.com

- 1 -

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in ***Pena, et al. v. JARM Communications Inc., et al.*** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       March 24, 2020

_____
Jonathan Delgado

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Pena, et al. v. JARM Communications Inc., et al.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
      March 04, 2020

_____
Yaneiris Marie Fernandez Mendez

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Pena, et al. v. JARM Communications Inc., et al.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
    March 04, 2020

*(signed)* Taisha Pena