# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, TAISHA PENA, YANEIRIS FERNANDEZ, and JONATHAN DELGADO ("Plaintiffs"), and, on the other hand, JARM COMMUNICATIONS INC., AHN COMMUNICATIONS INC., HAJ COMMUNICATIONS INC, JAH COMMUNICATIONS INC., and HECTOR MORONTA ("Defendants") (collectively, the "Parties").

**WHEREAS**, on or about March 26, 2020, Plaintiffs initiated legal action against Defendants in the United States District Court for the Southern District of New York, entitled *Pena, et al. v. JARM Communications, Inc., et al.*, 20-CV-2587 (VEC) (the "Action"), in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, in the Action, Plaintiffs have alleged, among other things, that Defendants failed to pay them overtime, minimum wages, and spread of hours compensation due in connection with services that they performed on Defendants' behalf and failed to provide them with accurate wage notices and wage statements; and

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Agreement, in relation to the released claims in Paragraph 4 of this Agreement. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid overtime, minimum wage, and spread of hours compensation and other alleged wage and hour damages from the commencement of their employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiffs the total sum of Twenty-Thousand Dollars and Zero Cents ($20,000.00) ("Settlement Amount") as follows:

      (a)    On or before August 14, 2020, Defendants shall deliver the full Settlement Amount to Plaintiffs' counsel in a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C., as attorneys", which will be held in escrow by Plaintiffs' attorneys until the District Court approves this Agreement.

      (b)    Upon the District Court approving this Agreement, Plaintiffs' counsel shall be authorized to release the Settlement Amount from escrow as follows:

      i.    to "TAISHA PENA" in the amount of Three-Thousand Eight-Hundred Seventy-Two Dollars and Sixty-Seven Cents ($3,872.67);

      ii.    to "YANEIRIS FERNANDEZ" in the amount of Four-Thousand Twenty-Three Dollars and Thirty-Four Cents ($4,023.34);

      iii.    to "JONATHAN DELGADO" in the amount of Four-Thousand Five-Hundred Eighty-Seven Dollars and Thirty-Three Cents ($4,587.33);

      iv.    to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of Seven-Thousand Five-Hundred Sixteen Dollars and Sixty-Six Cents ($7,516.66), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

      (c)    Prior to the filing of the Parties' motion for FLSA settlement approval, Defendants' shall receive a fully completed and executed IRS Form W-9 from Neil H. Greenberg & Associates, P.C.

      (d)    The Settlement Amount set forth in this Section shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

      **3.**    <u>**Full Payment**</u>**:** Plaintiffs agree and affirm that the Settlement Amount described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiffs.

      **4.**    <u>**Release Of All Fair Labor Standards Act And New York Labor Law Related Claims**</u>**:** Plaintiffs understand and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiffs' claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Agreement. Plaintiffs affirm that, other than the claims alleged herein, they have reported all hours worked while employed by Defendants, and that they have been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other

paid time off, and/or any other benefits to which they may have been entitled as a result of their employment with Defendants. Plaintiffs hereby completely release all wage and hour claims against Defendants and release and forever discharge Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Action, including claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law, and its governing regulations.

5. **Third-Party Beneficiary**: Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

6. **Covenant Not to Sue**. Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement.

7. **Filing of Stipulation of Dismissal with Prejudice**.

(a) Upon the execution of this Agreement, the receipt by Plaintiffs' counsel of the Settlement Amount to be held in escrow, and the filing of the Parties' motion for FLSA approval, the Parties agree to execute a Stipulation of Dismissal with Prejudice, which will be filed with the Court, contingent upon the conditions in this Paragraph 7 being met.

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **No Pending Claims:** Plaintiffs hereby represent that other than the Complaint, they have no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

10. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Nassau County, New York or in the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

11. **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

12. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, with the exception of Paragraph 4, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

13. **Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

14. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

15. **Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

16. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

17. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

18. **Facsimile, Email, DocuSign:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The Parties may utilize DocuSign, or any other such digital equivalent, to execute this Agreement, and such execution shall have the same force and effect as if signed non-digitally.

  **19.**  **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

## NOTICE

**THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.**

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE READ THIS AGREEMENT, THEY UNDERSTAND IT, AND THEY ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**DEFENDANTS ACKNOWLDEGE AND AGREE THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO SPEAK WITH COUNSEL OF THEIR CHOOSING BEFORE SIGNING THIS AGREEMENT**

**AGREED:**

_/s/ Taisha Peña_   Dated: 8/20/2020
**TAISHA PEÑA**

_/s/ Yaneiris Fernandez_   Dated: 8/21/2020
**YANEIRIS FERNANDEZ**

_/s/ Jonathan Delgado_   Dated: 8/20/2020
**JONATHAN DELGADO**

_/s/ Hector Moronta_   Dated: 08/20/2020
**JARM COMMUNICATIONS INC.**
By: Hector Moronta

_/s/ Hector Moronta_   Dated: 08/20/2020
**AHN COMMUNICATIONS INC.**
By: Hector Moronta

5

_[signature]_  Dated: 08/20/2020
**HAJ COMMUNICATIONS INC.**
By: Hector Moronta

_[signature]_  Dated: 08/20/2020
**JAH COMMUNICATIONS INC.**
By: Hector Moronta

_[signature]_  Dated: 08/20/2020
**HECTOR MORONTA**

6