**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TAISHA PENA, YANEIRIS FERNANDEZ,                 20-CV-2587 (VEC)
and JONATHAN DELGADO,

                                Plaintiffs,

     -against-

JARM COMMUNICATIONS INC.,
AHN COMMUNICATIONS INC.,
HAJ COMMUNICATIONS INC,
JAH COMMUNICATIONS INC.,
and HECTOR MORONTA,

                               Defendants.
--------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE [UNOPPOSED]

    I.      <u>PRELIMINARY STATEMENT</u>

Plaintiffs, TAISHA PENA, YANEIRIS FERNANDEZ, and JONATHAN DELGADO ("Plaintiffs") seek approval of the terms of the settlement agreement ("Agreement") between them and Defendants, JARM COMMUNICATIONS INC., AHN COMMUNICATIONS INC., HAJ COMMUNICATIONS INC, JAH COMMUNICATIONS INC., and HECTOR MORONTA, ("Defendants"). The Agreement resolves Plaintiffs' claims asserted against Defendants, including claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et. seq.* ("FLSA"). Enclosed with this Memorandum is a copy of the Agreement for the Court's review and approval [**Exhibit A**]. The Agreement represents a good faith effort between the parties to negotiate an action under the FLSA and the New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiffs with a substantial recovery of their claimed damages under applicable law. Accordingly,

Plaintiffs respectfully request that the Court approve the Agreement as submitted and dismiss this action with prejudice.

## II.     PLAINTIFFS' ALLEGATIONS AND DEFENDANTS' RESPONSES

On March 26, 2020, Plaintiffs, represented by counsel herein, filed a wage-and-hour lawsuit against Defendants alleging FLSA and NYLL violations [D.E. 1]. Plaintiffs contend that during their employment with Defendants, they were not paid overtime compensation or spread of hours pay, and they were not provided wage notices or statements. Additionally, Plaintiffs Fernandez and Delgado alleged that for a portion of their employment, they were not paid minimum wages. Plaintiffs' counsel calculated a damages chart for each Plaintiff [**Exhibits B, C, and D**]. Plaintiff Pena's reasonable estimate of her FLSA claims for unpaid overtime is $1,574.51. Plaintiff Fernandez's reasonable estimate of her FLSA claims for unpaid overtime is $1,607.63. Plaintiff Delgado's reasonable estimate of his FLSA claims for unpaid overtime is $1,817.17. In preparing the damage charts, Plaintiffs' counsel relied on time sheets and schedules to calculate Plaintiffs' unpaid wages. Defendants choose not to appear in this case and defend against Plaintiffs' allegations; instead, they opted to settle Plaintiffs' claims to avoid the expense of litigation. To that end, Defendants have submitted the settlement amount to Plaintiffs' attorneys, who are holding the amount in escrow pending the Court's determination of the instant application.

## III.    SETTLEMENT NEGOTIATIONS

Prior to Defendants filing an Answer to Plaintiffs' Complaint, Plaintiffs' counsel produced damage charts and made a demand to settle Plaintiffs' FLSA and NYLL wage claims. When Defendants agreed to offer $20,000.00, Plaintiffs willingly accepted it. Plaintiffs recognize that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever, and that Defendants have offered this amount to avoid the risks and expenses of

protracted litigation. Of the agreed upon settlement amount, Plaintiff Pena will receive $3,872.67, Plaintiff Fernandez will receive $4,023.34, and Plaintiff Delgado will receive $4,587.33. The amount each Plaintiff will receive constitutes 100% of their claimed unpaid FLSA overtime compensation, unpaid NYLL minimum wages, and unpaid NYLL spread of hours pay, plus a portion of their claimed liquidated damages for Defendants' alleged willful conduct. Moreover, Defendants are paying Plaintiffs' attorneys' fees and costs in the amount of $7,516.66.

## IV.    THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiffs' possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining, which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

1. *The Agreement Fairly Accounts for Plaintiff's Possible Recovery*

As noted above, Plaintiffs will receive a combined $12,483.34, which is in excess of the wages they claim they are owed. Further, their attorneys' fees and costs will be paid by Defendants. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiffs' wages and the other claims raised in the Complaint. The Agreement does not contain a confidentiality provision, a non-disparagement clause, or a general release. Further, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the Agreement. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiffs' possible recovery in this matter.

2. *The Risk and Expenses Faced by the Parties*

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Plaintiffs face the possibility of receiving no recovery at all. Further, they face the prospect of waiting months, if not years, for the matter to proceed through motion practice and, eventually, trial. In reaching an early settlement, Plaintiffs are able to recover an amount in excess of the wages they claim they are owed without having to spend substantial time and resources.

Conversely, if Defendants successfully defended this case, it would have only occurred after a protracted litigation at significant cost. The costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution. Accordingly, the substantial risks in proceeding forward with the litigation weigh heavily in favor of approval of the Agreement.

      3.     *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining, which was devoid of any semblance of fraud or collusion. Plaintiffs' counsel zealously advocated on behalf of his clients throughout this litigation, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort to resolve the dispute under the best possible circumstances. Moreover, Plaintiffs' damages were based in large part on time records and schedules that demonstrate the amount of overtime they worked on a regular basis. Using these documents as a basis for the negotiations, Plaintiffs' counsel was able to negotiate a resolution that recovered in excess of 100% of Plaintiffs' claimed lost wages. Accordingly, the Agreement should be approved by the Court.

V.    <u>PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES SHOULD BE APPROVED</u>

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiffs' counsel is seeking $6666.66 in fees and $850.00 in costs incurred during the litigation. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)

("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit"). The billing records for Plaintiffs' counsel are attached at **Exhibit E** and are explained in further detail in the Declaration of Keith E. Williams, Esq. submitted contemporaneously herewith.

Plaintiffs' counsel incurred costs related to filing the Complaint ($400) and service of process ($450) in the total amount of $850.00. Plaintiffs request that the Court take judicial notice of the filing fee. *See* D.E. 1. Invoices for service of the Summons and Complaint are attached at **Exhibit F**.

It is respectfully submitted that the attorneys' fees and costs as set forth in the Agreement are fair and reasonable.

VI.     <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case with prejudice.

Dated: Massapequa, New York
            August 21, 2020

The parties' settlement agreement is
APPROVED.  The Court finds the
agreement to be fair and reasonable. This
case is DISMISSED.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

8/24/2020

Respectfully submitted,

Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

# EXHIBIT A

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, TAISHA PENA, YANEIRIS FERNANDEZ, and JONATHAN DELGADO ("Plaintiffs"), and, on the other hand, JARM COMMUNICATIONS INC., AHN COMMUNICATIONS INC., HAJ COMMUNICATIONS INC, JAH COMMUNICATIONS INC., and HECTOR MORONTA ("Defendants") (collectively, the "Parties").

**WHEREAS**, on or about March 26, 2020, Plaintiffs initiated legal action against Defendants in the United States District Court for the Southern District of New York, entitled *Pena, et. al. v. JARM Communications, Inc., et al.*, 20-CV-2587 (VEC) (the "Action"), in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, in the Action, Plaintiffs have alleged, among other things, that Defendants failed to pay them overtime, minimum wages, and spread of hours compensation due in connection with services that they performed on Defendants' behalf and failed to provide them with accurate wage notices and wage statements; and

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **<u>Consideration</u>:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Agreement, in relation to the released claims in Paragraph 4 of this Agreement. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid overtime, minimum wage, and spread of hours compensation and other alleged wage and hour damages from the commencement of their employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **<u>Settlement Amount</u>:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiffs the total sum of Twenty-Thousand Dollars and Zero Cents ($20,000.00) ("Settlement Amount") as follows:

(a)     On or before August 14, 2020, Defendants shall deliver the full Settlement Amount to Plaintiffs' counsel in a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C., as attorneys", which will be held in escrow by Plaintiffs' attorneys until the District Court approves this Agreement.

(b)     Upon the District Court approving this Agreement, Plaintiffs' counsel shall be authorized to release the Settlement Amount from escrow as follows:

     i.     to "TAISHA PENA" in the amount of Three-Thousand Eight-Hundred Seventy-Two Dollars and Sixty-Seven Cents ($3,872.67);

     ii.     to "YANEIRIS FERNANDEZ" in the amount of Four-Thousand Twenty-Three Dollars and Thirty-Four Cents ($4,023.34);

     iii.     to "JONATHAN DELGADO" in the amount of Four-Thousand Five-Hundred Eighty-Seven Dollars and Thirty-Three Cents ($4,587.33);

     iv.     to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of Seven-Thousand Five-Hundred Sixteen Dollars and Sixty-Six Cents ($7,516.66), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(c)     Prior to the filing of the Parties' motion for FLSA settlement approval, Defendants' shall receive a fully completed and executed IRS Form W-9 from Neil H. Greenberg & Associates, P.C.

(d)     The Settlement Amount set forth in this Section shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

**3.     Full Payment:** Plaintiffs agree and affirm that the Settlement Amount described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiffs.

**4.     Release Of All Fair Labor Standards Act And New York Labor Law Related Claims:** Plaintiffs understand and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiffs' claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Agreement. Plaintiffs affirm that, other than the claims alleged herein, they have reported all hours worked while employed by Defendants, and that they have been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other

DocuSign Envelope ID: C614504C-94DD-4C1F-BD78-F740A44C735E

paid time off, and/or any other benefits to which they may have been entitled as a result of their employment with Defendants. Plaintiffs hereby completely release all wage and hour claims against Defendants and release and forever discharge Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Action, including claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law, and its governing regulations.

5.    **Third-Party Beneficiary**:  Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

6.    **Covenant Not to Sue**.  Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement.

7.    **Filing of Stipulation of Dismissal with Prejudice**.

(a)    Upon the execution of this Agreement, the receipt by Plaintiffs' counsel of the Settlement Amount to be held in escrow, and the filing of the Parties' motion for FLSA approval, the Parties agree to execute a Stipulation of Dismissal with Prejudice, which will be filed with the Court, contingent upon the conditions in this Paragraph 7 being met.

8.    **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.    **No Pending Claims**:  Plaintiffs hereby represent that other than the Complaint, they have no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

DocuSign Envelope ID: C614504C-94D9-4C1E-B9F8-F240A44C73F3

**10.** **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Nassau County, New York or in the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

**11.** **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

**12.** **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, with the exception of Paragraph 4, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**13.** **Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

**14.** **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**15.** **Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**16.** **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**17.** **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**18.** **Facsimile, Email, DocuSign:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The Parties may utilize DocuSign, or any other such digital equivalent, to execute this Agreement, and such execution shall have the same force and effect as if signed non-digitally.

19. <u>**Authority to Execute Agreement**</u>:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**NOTICE**

**THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.**

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE READ THIS AGREEMENT, THEY UNDERSTAND IT, AND THEY ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**DEFENDANTS ACKNOWLDEGE AND AGREE THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO SPEAK WITH COUNSEL OF THEIR CHOOSING BEFORE SIGNING THIS AGREEMENT**

**AGREED:**

TAISHA PENA                                 Dated: 8/20/2020

YANEIRIS FERNANDEZ                          Dated: 8/21/2020

JONATHAN DELGADO                           Dated: 8/20/2020

JARM COMMUNICATIONS INC.                    Dated: 08/20/2020
By: Hector Moronta

AHN COMMUNICATIONS INC.                     Dated: 08/20/2020
By: Hector Moronta

DocuSign Envelope ID: C6145D4C-94DD-4C1E-B2F3-F240A14673F3

**HAJ COMMUNICATIONS INC.**
By: Hector Moronta

Dated: 08/20/2020

**JAH COMMUNICATIONS INC.**
By: Hector Moronta

Dated: 08/20/2020

**HECTOR MORONTA**

Dated: 08/20/2020

# EXHIBIT B

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| TAISHA PENA |

| FLSA/NYLL OVERTIME COMPENSATION OWED | | | | | | |
|---|---|---|---|---|---|---|
| Year | Period Ending | Number of Hours Worked Per Week | Overtime Hours (Hrs Worked-40 Hrs) | Regular Rate (RR) (Hourly Rate) | Overtime Rate (OTR) (RR x 1.5) | Difference Between OTR and RR | Overtime Comp Owed (Diff. x OT Hours) |
| 2019 | 5/12/2019 | 19.27 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 5/19/2019 | 31.10 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 5/26/2019 | 32.25 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 6/2/2019 | 41.04 | 1.04 | $ 13.50 | $ 20.25 | $ 6.75 | $ 7.02 |
| | 6/9/2019 | 52.75 | 12.75 | $ 13.50 | $ 20.25 | $ 6.75 | $ 86.06 |
| | 6/16/2019 | 32.87 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 6/23/2019 | 41.86 | 1.86 | $ 13.50 | $ 20.25 | $ 6.75 | $ 12.56 |
| | 6/30/2019 | 41.67 | 1.67 | $ 13.50 | $ 20.25 | $ 6.75 | $ 11.27 |
| | 7/7/2019 | 31.00 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 7/14/2019 | 42.50 | 2.50 | $ 13.50 | $ 20.25 | $ 6.75 | $ 16.88 |
| | *7/21/2019 | 53.62 | 13.62 | $ 13.50 | $ 20.25 | $ 6.75 | $ 91.94 |
| | 7/28/2019 | 48.37 | 8.37 | $ 13.50 | $ 20.25 | $ 6.75 | $ 56.50 |
| | 8/4/2019 | 43.12 | 3.12 | $ 13.50 | $ 20.25 | $ 6.75 | $ 21.06 |
| | *8/11/2019 | 28.18 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 8/18/2019 | 55.19 | 15.19 | $ 13.50 | $ 20.25 | $ 6.75 | $ 102.53 |
| | 8/25/2019 | 51.83 | 11.83 | $ 13.50 | $ 20.25 | $ 6.75 | $ 79.85 |
| | 9/1/2019 | 40.11 | 0.11 | $ 13.50 | $ 20.25 | $ 6.75 | $ 0.74 |
| | *9/8/2019 | 50.43 | 10.43 | $ 13.50 | $ 20.25 | $ 6.75 | $ 70.40 |
| | 9/15/2019 | 52.88 | 12.88 | $ 13.50 | $ 20.25 | $ 6.75 | $ 86.94 |
| | 9/22/2019 | 42.46 | 2.46 | $ 13.50 | $ 20.25 | $ 6.75 | $ 16.61 |
| | 9/29/2019 | 41.31 | 1.31 | $ 13.50 | $ 20.25 | $ 6.75 | $ 8.84 |
| | 10/6/2019 | 52.99 | 12.99 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.68 |
| | 10/13/2019 | 39.79 | 0.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ - |
| | 10/20/2019 | 51.80 | 11.80 | $ 13.50 | $ 20.25 | $ 6.75 | $ 79.65 |
| | 10/27/2019 | 50.56 | 10.56 | $ 13.50 | $ 20.25 | $ 6.75 | $ 71.28 |
| | 11/3/2019 | 54.69 | 14.69 | $ 13.50 | $ 20.25 | $ 6.75 | $ 99.16 |
| | 11/10/2019 | 50.63 | 10.63 | $ 13.50 | $ 20.25 | $ 6.75 | $ 71.75 |
| | *11/17/2019 | 50.51 | 10.51 | $ 13.50 | $ 20.25 | $ 6.75 | $ 70.94 |
| | *11/24/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | *12/1/2019 | 51.50 | 11.50 | $ 13.50 | $ 20.25 | $ 6.75 | $ 77.63 |

| FOR SETTLEMENT PURPOSES ONLY |
| :---: |
| ESTIMATED CALCULATION OF DAMAGES |
| TAISHA PENA |

| | *12/8/2019 | 55.00 | 15.00 | $ | 13.50 | $ | 20.25 | $ | 6.75 | $ | 101.25 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 12/15/2019 | 52.56 | 12.56 | $ | 13.50 | $ | 20.25 | $ | 6.75 | $ | 84.78 |
| | 12/22/2019 | 48.88 | 8.88 | $ | 13.50 | $ | 20.25 | $ | 6.75 | $ | 59.94 |
| | | | | | | | 2019 Overtime Compensation Owed: | | $ | | 1,574.51 |
| | | | | | | | TOTAL FLSA/NYLL OVERTIME OWED: | | $ | | 1,574.51 |

*includes hours that are based on weekly schedules and/or personal estimates

| NYLL SPREAD OF HOURS COMPENSATION OWED | | | | |
| :---: | :---: | :---: | :---: | :---: |
| Year | Period Ending | Number of 10+ Hr Shifts Worked Per Week | NY Minimum Wage Rate | Total SOH Comp Owed (10+Hr. Shifts Per Week x MW Rate) |
| **2019** | 5/12/2019 | 1.00 | $ 13.50 | $ 13.50 |
| | 5/19/2019 | 2.00 | $ 13.50 | $ 27.00 |
| | 5/26/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 6/2/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 6/9/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 6/16/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 6/23/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 6/30/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 7/7/2019 | 2.00 | $ 13.50 | $ 27.00 |
| | 7/14/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | *7/21/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 7/28/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 8/4/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | *8/11/2019 | 2.00 | $ 13.50 | $ 27.00 |
| | 8/18/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 8/25/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 9/1/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | *9/8/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 9/15/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 9/22/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 9/29/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 10/6/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 10/13/2019 | 3.00 | $ 13.50 | $ 40.50 |

| FOR SETTLEMENT PURPOSES ONLY |
|:---:|
| ESTIMATED CALCULATION OF DAMAGES |
| TAISHA PENA |

| | | | | | |
|---|---|---|---|---|---|
| | 10/20/2019 | 4.00 | $ | 13.50 | $ | 54.00 |
| | 10/27/2019 | 4.00 | $ | 13.50 | $ | 54.00 |
| | 11/3/2019 | 5.00 | $ | 13.50 | $ | 67.50 |
| | 11/10/2019 | 3.00 | $ | 13.50 | $ | 40.50 |
| | *11/17/2019 | 3.00 | $ | 13.50 | $ | 40.50 |
| | *11/24/2019 | 5.00 | $ | 13.50 | $ | 67.50 |
| | *12/1/2019 | 4.00 | $ | 13.50 | $ | 54.00 |
| | *12/8/2019 | 5.00 | $ | 13.50 | $ | 67.50 |
| | 12/15/2019 | 5.00 | $ | 13.50 | $ | 67.50 |
| | 12/22/2019 | 3.00 | $ | 13.50 | $ | 40.50 |
| | 2019 Spread of Hours Owed: | | $ | | 1,566.00 |
| | TOTAL NYLL SPREAD OF HOURS OWED: | | $ | | 1,566.00 |

*includes hours that are based on weekly schedules and/or personal estimates

| NYLL 195(1) WAGE NOTICE STATUTORY PENALTIES | | | | | | |
|---|---|---|---|---|---|---|
| Year | Period | Number of Weeks Worked | Number of Days Worked per Week | Total Number of Work Days (Weeks Worked x Work Days per Week) | NYLL 195(1) Notices Received | Statutory Penalties ($50.00 x No. of Days Worked) |
| 2019 | 5/6/19 - 12/22/19 | 1.00 | 2.00 | 2.00 | None | $ 100.00 |
| | | 5.00 | 3.00 | 15.00 | None | $ 750.00 |
| | | 9.00 | 4.00 | 36.00 | None | $ 1,800.00 |
| | | 17.00 | 5.00 | 85.00 | None | $ 4,250.00 |
| | | 1.00 | 6.00 | 6.00 | None | $ 300.00 |
| | | | | | Gross Total: | $ 7,200.00 |
| | | | | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $50.00 x 100 days): | | $ 5,000.00 |
| | | | | | TOTAL NYLL 195(1) PENALTIES: | $ 5,000.00 |

| NYLL 195(3) WAGE STATEMENT STATUTORY DAMAGES | | | | | | |
|---|---|---|---|---|---|---|
| Year | Period | Number of Weeks Worked | Number of Days Worked per Week | Total Number of Work Days (Weeks Worked x Work Days per Week) | NYLL 195(3) Notices Received | Statutory Penalties ($250.00 x No. of Days Worked) |
| 2019 | 5/6/19 - 12/22/19 | 1.00 | 2.00 | 2.00 | None | $ 500.00 |
| | | 5.00 | 3.00 | 15.00 | None | $ 3,750.00 |
| | | 9.00 | 4.00 | 36.00 | None | $ 9,000.00 |

| FOR SETTLEMENT PURPOSES ONLY |
|:---:|
| ESTIMATED CALCULATION OF DAMAGES |
| TAISHA PENA |

| | | 17.00 | 5.00 | 85.00 | None | $ | 21,250.00 |
|---|---|---|---|---|---|---|---|
| | | 1.00 | 6.00 | 6.00 | None | $ | 1,500.00 |
| | | | | | Gross Total: | $ | 36,000.00 |
| | | | | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $250.00 x 20 days): | | $ | 5,000.00 |
| | | | | TOTAL NYLL 195(3) PENALTIES: | | $ | **5,000.00** |

| CPLR INTEREST PURSUANT TO NY LAW | | | | | | |
|:---:|:---:|:---:|:---:|:---:|:---:|:---:|
| NYLL Claims Period Start | NYLL Claims Period End | Approximate Mid-Point | Number of Years From Mid-Point to 7/21/2020 | 9% Interest Rate/ Year | NYLL Comp Owed (OT + SOH) | Total Interest Owed (No. Years x 0.09 x NYLL Comp Owed) |
| **5/6/2019** | **12/22/2019** | 8/29/2019 | 0.90 | 0.09 | $ 3,140.51 | $ 253.22 |
| | | | | TOTAL CPLR INTEREST OWED TO DATE: | | $ 253.22 |

| NYLL LIQUIDATED DAMAGES | | | |
|:---:|:---:|:---:|:---:|
| Year | Comp Owed (OT + SOH) | LD % | LD Per Year |
| **2019** | $ 3,140.51 | 100% | $ 3,140.51 |
| TOTAL NYLL LIQUIDATED DAMAGES: | | | $ **3,140.51** |

| | |
|---|---|
| Total FLSA/NYLL Overtime Compensation Owed: | $ 1,574.51 |
| Total Spread Of Hours Wages Owed: | $ 1,566.00 |
| Total NYLL 195(1) Statutory Penalties: | $ 5,000.00 |
| Total NYLL 195(3) Statutory Penalties: | $ 5,000.00 |
| Total NYLL Liquidated Damages Owed: | $ 3,140.51 |
| Total CPLR Interest Owed: | $ 253.22 |
| *ESTIMATED TOTAL: | $ **16,534.24** |
| *Plus reasonable attorneys' fees, costs and disbursements | |

*This Calculation is Subject to Change During Conduction of Discovery in This Action*

# EXHIBIT C

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| YANEIRIS FERNANDEZ |

| FLSA/NYLL OVERTIME COMPENSATION OWED | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year | Pay Period Ending | *Number of Hours Worked Per Week | Overtime Hours (Hrs Worked-40 Hrs) | Regular Rate (RR) (Greater of Hourly Rate or Minimum Wage Rate) | Overtime Rate (OTR) (RR x 1.5) | Difference Between OTR and RR | Overtime Comp Owed (Diff. x OT Hours) |
| 2019 | 9/15/2019 | 44.00 | 4.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 27.00 |
| | 9/22/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | 9/29/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | 10/6/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | 10/13/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 10/20/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 10/27/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | 11/3/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 11/10/2019 | 44.00 | 4.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 27.00 |
| | 11/17/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 11/24/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | 12/1/2019 | 43.50 | 3.50 | $ 13.50 | $ 20.25 | $ 6.75 | $ 23.63 |
| | 12/8/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 12/15/2019 | 44.00 | 4.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 27.00 |
| | 12/22/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | 12/29/2019 | 53.00 | 13.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 87.75 |
| | | | | | 2019 Overtime Compensation Owed: | | $ 1,225.13 |
| 2020 | 1/5/2020 | 44.00 | 4.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 30.00 |
| | 1/12/2020 | 55.00 | 15.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 112.50 |
| | 1/19/2020 | 55.00 | 15.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 112.50 |
| | 1/26/2020 | 42.00 | 2.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 15.00 |
| | 2/2/2020 | 55.00 | 15.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 112.50 |
| | 2/9/2020 | 22.00 | 0.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ - |
| | | | | | 2020 Overtime Compensation Owed: | | $ 382.50 |
| | | | | | TOTAL FLSA/NYLL OVERTIME OWED: | | $ 1,607.63 |

*Until September 30, 2019, based on personal estimates. Thereafter, based on weekly schedules at Ex. I.

| NYLL MINIMUM WAGES OWED | | | | | | |
|---|---|---|---|---|---|---|
| Year | Pay Period Ending | *Number of Hours Worked Per Week | Hourly Rate (HR) | Statutory Minimum Wage Rate (MW) | Difference Between MW and HR | Minimum Wages Owed (Diff. x Hours Worked) |
| 2020 | 1/5/2020 | 44.00 | $ 13.50 | $ 15.00 | $ 1.50 | $ 66.00 |

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| YANEIRIS FERNANDEZ |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1/12/2020 | 55.00 | $ | 13.50 | $ | 15.00 | $ | 1.50 | $ | 82.50 |
| | 1/19/2020 | 55.00 | $ | 13.50 | $ | 15.00 | $ | 1.50 | $ | 82.50 |
| | 1/26/2020 | 42.00 | $ | 13.50 | $ | 15.00 | $ | 1.50 | $ | 63.00 |
| | 2/2/2020 | 55.00 | $ | 13.50 | $ | 15.00 | $ | 1.50 | $ | 82.50 |
| | 2/9/2020 | 22.00 | $ | 13.50 | $ | 15.00 | $ | 1.50 | $ | 33.00 |
| | | | | | | **2020 Minimum Wages Owed:** | | **$** | **409.50** |
| | | | | | | **TOTAL NYLL MINIMUM WAGES OWED:** | | **$** | **409.50** |

*Based on personal estimates. Thereafter, based on weekly schedules at Ex. I.

| NYLL SPREAD OF HOURS COMPENSATION OWED | | | | |
|---|---|---|---|---|
| Year | Pay Period Ending | *Number of 10+ Hr Shifts Worked Per Week | NY Minimum Wage Rate | Total SOH Comp Owed (10+Hr. Shifts Per Week x MW Rate) |
| **2019** | 9/15/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 9/22/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 9/29/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 10/6/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 10/13/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 10/20/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 10/27/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 11/3/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 11/10/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 11/17/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 11/24/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 12/1/2019 | 0.00 | $ 13.50 | $ - |
| | 12/8/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 12/15/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 12/22/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 12/29/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | **2019 Spread of Hours Owed:** | | | **$ 877.50** |
| **2020** | 1/5/2020 | 4.00 | $ 15.00 | $ 60.00 |
| | 1/12/2020 | 5.00 | $ 15.00 | $ 75.00 |
| | 1/19/2020 | 5.00 | $ 15.00 | $ 75.00 |
| | 1/26/2020 | 3.00 | $ 15.00 | $ 45.00 |
| | 2/2/2020 | 5.00 | $ 15.00 | $ 75.00 |

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| **ESTIMATED CALCULATION OF DAMAGES** |
| **YANEIRIS FERNANDEZ** |

| | 2/9/2020 | 2.00 | $ | 15.00 | $ | 30.00 |
|---|---|---|---|---|---|---|
| | **2020 Spread of Hours Owed:** | | | | $ | **360.00** |
| | **TOTAL NYLL SPREAD OF HOURS OWED:** | | | | $ | **1,237.50** |

*Until September 30, 2019, based on personal estimates. Thereafter, based on weekly schedules at Ex. I.

| NYLL 195(1) WAGE NOTICE STATUTORY PENALTIES | | | | | | |
|---|---|---|---|---|---|---|
| **Year** | **Period** | **Number of Weeks Worked** | **Number of Days Worked per Week** | **Total Number of Work Days** (Weeks Worked x Work Days per Week) | **NYLL 195(1) Notices Received** | **Statutory Penalties** ($50.00 x No. of Days Worked) |
| **2019** | 9/9/19 - 12/29/19 | 3.00 | 4.00 | 12.00 | None | $ 600.00 |
| | | 13.00 | 5.00 | 65.00 | None | $ 3,250.00 |
| **2020** | 12/30/19 - 2/9/20 | 1.00 | 2.00 | 2.00 | None | $ 100.00 |
| | | 2.00 | 4.00 | 8.00 | None | $ 400.00 |
| | | 3.00 | 5.00 | 15.00 | None | $ 750.00 |
| | | | | | Gross Total: | $ 5,100.00 |
| | | | | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $50.00 x 100 days): | | $ 5,000.00 |
| | | | | **TOTAL NYLL 195(1) PENALTIES:** | | $ **5,000.00** |

| NYLL 195(3) WAGE STATEMENT STATUTORY DAMAGES | | | | | | |
|---|---|---|---|---|---|---|
| **Year** | **Period** | **Number of Weeks Worked** | **Number of Days Worked per Week** | **Total Number of Work Days** (Weeks Worked x Work Days per Week) | **NYLL 195(3) Notices Received** | **Statutory Penalties** ($250.00 x No. of Days Worked) |
| **2019** | 9/9/19 - 12/29/19 | 3.00 | 4.00 | 12.00 | None | $ 3,000.00 |
| | | 13.00 | 5.00 | 65.00 | None | $ 16,250.00 |
| **2020** | 12/30/19 - 2/9/20 | 1.00 | 2.00 | 2.00 | None | $ 500.00 |
| | | 2.00 | 4.00 | 8.00 | None | $ 2,000.00 |
| | | 3.00 | 5.00 | 15.00 | None | $ 3,750.00 |
| | | | | | Gross Total: | $ 25,500.00 |
| | | | | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $250.00 x 20 days): | | $ 5,000.00 |
| | | | | **TOTAL NYLL 195(3) PENALTIES:** | | $ **5,000.00** |

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| YANEIRIS FERNANDEZ |

| CPLR INTEREST PURSUANT TO NY LAW | | | | | | |
|---|---|---|---|---|---|---|
| NYLL Claims Period Start | NYLL Claims Period End | Approximate Mid-Point | Number of Years From Mid-Point to 7/21/2020 | 9% Interest Rate/ Year | NYLL Comp Owed (OT + MW + SOH) | Total Interest Owed (No. Years x 0.09 x NYLL Comp Owed) |
| 9/12/2019 | 2/4/2020 | 11/23/2019 | 0.66 | 0.09 | $ 3,254.63 | $ 193.33 |
| | | | | | TOTAL CPLR INTEREST OWED TO DATE: $ | 193.33 |

| NYLL LIQUIDATED DAMAGES | | | |
|---|---|---|---|
| Year | Comp Owed (OT + MW + SOH) | LD % | LD Per Year |
| 2019 | $ 2,102.63 | 100% | $ 2,102.63 |
| 2020 | $ 1,152.00 | 100% | $ 1,152.00 |
| TOTAL NYLL LIQUIDATED DAMAGES: | | | $ 3,254.63 |

| | |
|---|---|
| Total FLSA/NYLL Overtime Compensation Owed: | $ 1,607.63 |
| Total NYLL Minimum Wages Owed: | $ 409.50 |
| Total Spread Of Hours Wages Owed: | $ 1,237.50 |
| Total NYLL 195(1) Statutory Penalties: | $ 5,000.00 |
| Total NYLL 195(3) Statutory Penalties: | $ 5,000.00 |
| Total NYLL Liquidated Damages Owed: | $ 3,254.63 |
| Total CPLR Interest Owed: | $ 193.33 |
| *ESTIMATED TOTAL: | $ 16,702.59 |
| *Plus reasonable attorneys' fees, costs and disbursements | |

*This Calculation is Subject to Change During Conduction of Discovery in This Action*

# EXHIBIT D

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| JONATHAN DELGADO |

| FLSA/NYLL OVERTIME COMPENSATION OWED | | | | | | |
|---|---|---|---|---|---|---|
| Year | Pay Period Ending | Number of Hours Worked Per Week | Overtime Hours (Hrs Worked-40 Hrs) | Regular Rate (RR) (Greater of Hourly Rate or Minimum Wage Rate) | Overtime Rate (OTR) (RR x 1.5) | Difference Between OTR and RR | Overtime Comp Owed (Diff. x OT Hours) |
| **2019** | *9/22/2019 | 55.00 | 15.00 | $ 13.50 | $ 20.25 | $ 6.75 | $ 101.25 |
| | *9/29/2019 | 43.87 | 3.87 | $ 13.50 | $ 20.25 | $ 6.75 | $ 26.12 |
| | *10/6/2019 | 51.84 | 11.84 | $ 13.50 | $ 20.25 | $ 6.75 | $ 79.92 |
| | *10/13/2019 | 54.75 | 14.75 | $ 13.50 | $ 20.25 | $ 6.75 | $ 99.56 |
| | 10/20/2019 | 52.24 | 12.24 | $ 13.50 | $ 20.25 | $ 6.75 | $ 82.62 |
| | 10/27/2019 | 53.36 | 13.36 | $ 13.50 | $ 20.25 | $ 6.75 | $ 90.18 |
| | 11/3/2019 | 41.15 | 1.15 | $ 13.50 | $ 20.25 | $ 6.75 | $ 7.76 |
| | 11/10/2019 | 53.83 | 13.83 | $ 13.50 | $ 20.25 | $ 6.75 | $ 93.35 |
| | 11/17/2019 | 53.56 | 13.56 | $ 13.50 | $ 20.25 | $ 6.75 | $ 91.53 |
| | *11/24/2019 | 49.75 | 9.75 | $ 13.50 | $ 20.25 | $ 6.75 | $ 65.81 |
| | 12/1/2019 | 51.14 | 11.14 | $ 13.50 | $ 20.25 | $ 6.75 | $ 75.20 |
| | 12/8/2019 | 54.30 | 14.30 | $ 13.50 | $ 20.25 | $ 6.75 | $ 96.53 |
| | 12/15/2019 | 51.94 | 11.94 | $ 13.50 | $ 20.25 | $ 6.75 | $ 80.60 |
| | 12/22/2019 | 47.18 | 7.18 | $ 13.50 | $ 20.25 | $ 6.75 | $ 48.47 |
| | 12/29/2019 | 43.92 | 3.92 | $ 13.50 | $ 20.25 | $ 6.75 | $ 26.46 |
| | | | | | **2019 Overtime Compensation Owed:** | | **$ 1,065.36** |
| **2020** | 1/5/2020 | 50.94 | 10.94 | $ 15.00 | $ 22.50 | $ 7.50 | $ 82.05 |
| | *1/12/2020 | 41.02 | 1.02 | $ 15.00 | $ 22.50 | $ 7.50 | $ 7.65 |
| | 1/19/2020 | 46.28 | 6.28 | $ 15.00 | $ 22.50 | $ 7.50 | $ 47.10 |
| | 1/26/2020 | 30.93 | 0.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ - |
| | 2/2/2020 | 53.52 | 13.52 | $ 15.00 | $ 22.50 | $ 7.50 | $ 101.40 |
| | 2/9/2020 | 50.96 | 10.96 | $ 15.00 | $ 22.50 | $ 7.50 | $ 82.20 |
| | 2/16/2020 | 40.22 | 0.22 | $ 15.00 | $ 22.50 | $ 7.50 | $ 1.65 |
| | *2/23/2020 | 51.26 | 11.26 | $ 15.00 | $ 22.50 | $ 7.50 | $ 84.45 |
| | 3/1/2020 | 51.08 | 11.08 | $ 15.00 | $ 22.50 | $ 7.50 | $ 83.10 |
| | 3/8/2020 | 53.17 | 13.17 | $ 15.00 | $ 22.50 | $ 7.50 | $ 98.78 |
| | *3/15/2020 | 42.79 | 2.79 | $ 15.00 | $ 22.50 | $ 7.50 | $ 20.93 |
| | *3/22/2020 | 44.00 | 4.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 30.00 |
| | *3/29/2020 | 55.00 | 15.00 | $ 15.00 | $ 22.50 | $ 7.50 | $ 112.50 |
| | | | | | **2020 Overtime Compensation Owed:** | | **$ 751.81** |
| | | | | | **TOTAL FLSA/NYLL OVERTIME OWED:** | | **$ 1,817.17** |

*includes hours that are based on weekly schedules and/or personal estimates

| FOR SETTLEMENT PURPOSES ONLY |
| :---: |
| ESTIMATED CALCULATION OF DAMAGES |
| JONATHAN DELGADO |

| NYLL MINIMUM WAGES OWED | | | | | | |
| :---: | :---: | :---: | :---: | :---: | :---: | :---: |
| Year | Pay Period Ending | Number of Hours Worked Per Week | Hourly Rate (HR) | Statutory Minimum Wage Rate (MW) | Difference Between MW and HR | Minimum Wages Owed (Diff. x Hours Worked) |
| 2020 | 1/5/2020 | 50.94 | $ 13.50 | $ 15.00 | $ 1.50 | $ 76.41 |
| | *1/12/2020 | 41.02 | $ 13.50 | $ 15.00 | $ 1.50 | $ 61.53 |
| | 1/19/2020 | 46.28 | $ 13.50 | $ 15.00 | $ 1.50 | $ 69.42 |
| | 1/26/2020 | 30.93 | $ 13.50 | $ 15.00 | $ 1.50 | $ 46.40 |
| | 2/2/2020 | 53.52 | $ 13.50 | $ 15.00 | $ 1.50 | $ 80.28 |
| | | | | | 2020 Minimum Wages Owed: | $ 334.04 |
| | | | | | TOTAL NYLL MINIMUM WAGES OWED: | $ 334.04 |

*includes hours that are based on weekly schedules and/or personal estimates

| NYLL SPREAD OF HOURS COMPENSATION OWED | | | | |
| :---: | :---: | :---: | :---: | :---: |
| Year | Pay Period Ending | Number of 10+ Hr Shifts Worked Per Week | NY Minimum Wage Rate | Total SOH Comp Owed (10+Hr. Shifts Per Week x MW Rate) |
| 2019 | *9/22/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | *9/29/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | *10/6/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | *10/13/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 10/20/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 10/27/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 11/3/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 11/10/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 11/17/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | *11/24/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 12/1/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 12/8/2019 | 5.00 | $ 13.50 | $ 67.50 |
| | 12/15/2019 | 4.00 | $ 13.50 | $ 54.00 |
| | 12/22/2019 | 3.00 | $ 13.50 | $ 40.50 |
| | 12/29/2019 | 1.00 | $ 13.50 | $ 13.50 |
| 2019 Spread of Hours Owed: | | | $ 810.00 |
| 2020 | 1/5/2020 | 4.00 | $ 15.00 | $ 60.00 |
| | *1/12/2020 | 3.00 | $ 15.00 | $ 45.00 |
| | 1/19/2020 | 2.00 | $ 15.00 | $ 30.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | **FOR SETTLEMENT PURPOSES ONLY** | | | |
| | | **ESTIMATED CALCULATION OF DAMAGES** | | | |
| | | **JONATHAN DELGADO** | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 1/26/2020 | 2.00 | $ 15.00 | $ | 30.00 |
| | 2/2/2020 | 5.00 | $ 15.00 | $ | 75.00 |
| | 2/9/2020 | 3.00 | $ 15.00 | $ | 45.00 |
| | 2/16/2020 | 3.00 | $ 15.00 | $ | 45.00 |
| | *2/23/2020 | 4.00 | $ 15.00 | $ | 60.00 |
| | 3/1/2020 | 4.00 | $ 15.00 | $ | 60.00 |
| | 3/8/2020 | 5.00 | $ 15.00 | $ | 75.00 |
| | *3/15/2020 | 4.00 | $ 15.00 | $ | 60.00 |
| | *3/22/2020 | 4.00 | $ 15.00 | $ | 60.00 |
| | *3/29/2020 | 5.00 | $ 15.00 | $ | 75.00 |
| | | **2020 Spread of Hours Owed:** | | $ | 720.00 |
| | | **TOTAL NYLL SPREAD OF HOURS OWED:** | | $ | 1,530.00 |

*includes hours that are based on weekly schedules and/or personal estimates

| NYLL 195(1) WAGE NOTICE STATUTORY PENALTIES | | | | | | |
|---|---|---|---|---|---|---|
| **Year** | **Period** | **Number of Weeks Worked** | **Number of Days Worked per Week** | **Total Number of Work Days** (Weeks Worked x Work Days per Week) | **NYLL 195(1) Notices Received** | **Statutory Penalties** ($50.00 x No. of Days Worked) |
| **2019** | 9/16/19 - 12/29/19 | 2.00 | 4.00 | 8.00 | None | $ 400.00 |
| | | 13.00 | 5.00 | 65.00 | None | $ 3,250.00 |
| **2020** | 12/30/19 - 3/29/20 | 1.00 | 3.00 | 3.00 | None | $ 150.00 |
| | | 4.00 | 4.00 | 16.00 | None | $ 800.00 |
| | | 8.00 | 5.00 | 40.00 | None | $ 2,000.00 |
| | | | | | Gross Total: | $ 6,600.00 |
| | | | | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $50.00 x 100 days): | | $ 5,000.00 |
| | | | | **TOTAL NYLL 195(1) PENALTIES:** | | $ 5,000.00 |

| FOR SETTLEMENT PURPOSES ONLY |
|---|
| ESTIMATED CALCULATION OF DAMAGES |
| JONATHAN DELGADO |

| NYLL 195(3) WAGE STATEMENT STATUTORY DAMAGES | | | | | | |
|---|---|---|---|---|---|---|
| Year | Period | Number of Weeks Worked | Number of Days Worked per Week | Total Number of Work Days (Weeks Worked x Work Days per Week) | NYLL 195(3) Notices Received | Statutory Penalties ($250.00 x No. of Days Worked) |
| 2019 | 9/16/19 - 12/29/19 | 2.00 | 4.00 | 8.00 | None | $ 2,000.00 |
|  |  | 13.00 | 5.00 | 65.00 | None | $ 16,250.00 |
| 2020 | 12/30/19 - 3/29/20 | 1.00 | 3.00 | 3.00 | None | $ 750.00 |
|  |  | 4.00 | 4.00 | 16.00 | None | $ 4,000.00 |
|  |  | 8.00 | 5.00 | 40.00 | None | $ 10,000.00 |
|  |  |  |  |  | Gross Total: | $ 33,000.00 |
|  |  |  | *Statutory Maximum After Feb. 26, 2015 ($5,000 = $250.00 x 20 days): | | | $ 5,000.00 |
|  |  |  | TOTAL NYLL 195(3) PENALTIES: | | | $ 5,000.00 |

| CPLR INTEREST PURSUANT TO NY LAW | | | | | | |
|---|---|---|---|---|---|---|
| NYLL Claims Period Start | NYLL Claims Period End | Approximate Mid-Point | Number of Years From Mid-Point to 7/21/2020 | 9% Interest Rate/ Year | NYLL Comp Owed (OT + MW + SOH) | Total Interest Owed (No. Years x 0.09 x NYLL Comp Owed) |
| 9/16/2019 | 3/29/2020 | 12/22/2019 | 0.58 | 0.09 | $ 3,681.21 | $ 192.16 |
|  |  |  |  | TOTAL CPLR INTEREST OWED TO DATE: | | $ 192.16 |

| NYLL LIQUIDATED DAMAGES | | | |
|---|---|---|---|
| Year | Comp Owed (OT + MW + SOH) | LD % | LD Per Year |
| 2019 | $ 1,875.36 | 100% | $ 1,875.36 |
| 2020 | $ 1,805.85 | 100% | $ 1,805.85 |
| TOTAL NYLL LIQUIDATED DAMAGES: | | | $ 3,681.21 |

| FOR SETTLEMENT PURPOSES ONLY | |
|---|---|
| ESTIMATED CALCULATION OF DAMAGES | |
| JONATHAN DELGADO | |

| | | |
|---|---|---|
| Total FLSA/NYLL Overtime Compensation Owed: | $ | 1,817.17 |
| Total NYLL Minimum Wages Owed: | $ | 334.04 |
| Total Spread Of Hours Wages Owed: | $ | 1,530.00 |
| Total NYLL 195(1) Statutory Penalties: | $ | 5,000.00 |
| Total NYLL 195(3) Statutory Penalties: | $ | 5,000.00 |
| Total NYLL Liquidated Damages Owed: | $ | 3,681.21 |
| Total CPLR Interest Owed: | $ | 192.16 |
| *ESTIMATED TOTAL: | $ | 17,554.58 |
| *Plus reasonable attorneys' fees, costs and disbursements | | |

*This Calculation is Subject to Change During Conduction of Discovery in This Action*

# EXHIBIT E

*Law Offices of Neil H. Greenberg & Associates P.C.*
**Keith Williams**
**Pena, Taisha, et al. v. JARM Communications Inc., et al.**
**Files > Facts > Time Spent > My Time**

*Printed by: Keith Williams*

| Date | Duration | Description |
|------|----------|-------------|
| 08/21/2020 | 0.30 | Telephone call with Fernandez to discuss settlement agreement terms and conditions |
| 08/20/2020 | 1.80 | Drafted Plaintiffs' motion for FLSA settlement approval; compiled all exhibits |
| 08/20/2020 | 0.50 | Telephone calls with Pena and Delgado to discuss settlement agreement terms and conditions |
| 08/06/2020 | 0.80 | Drafted settlement agreement |
| 08/06/2020 | 0.20 | Drafted and filed second request for extension of time to file motion for default judgment |
| 08/06/2020 | 0.50 | Telephone calls with clients to discuss settlement; telephone call with defendants' accountant to discuss settlement |
| 07/21/2020 | 3.80 | Drafted attorney declaration in support of Motion for Default Judgment, drafted certificate of service; drafted cover letters to Court and defendants; drafted proposed order; compiled all exhibits |
| 07/21/2020 | 0.50 | Telephone meeting with Defendants' accountant regarding lawsuit and consented to extension of time for Defendants to hire counsel and appear |
| 07/21/2020 | 0.20 | Drafted and filed request to extend Plaintiffs' time to file Motion for Default Judgment |
| 07/20/2020 | 5.10 | Completed first draft of memorandum of law in support of Motion for Default Judgment; made edits and corrections of same; drafted table of contents and authorities |
| 07/17/2020 | 6.50 | Drafted Order to Show Cause seeking default judgment; began drafting memorandum of law in support of Plaintiffs' Motion for Default Judgment |
| 07/15/2020 | 1.60 | Telephone calls with clients to discuss declarations in support of Motion for Default Judgment; made edits to declarations |
| 07/14/2020 | 2.50 | Drafted clients' declarations in support of Motion for Default Judgment |
| 07/13/2020 | 3.40 | Reviewed time sheets and schedules; drafted Plaintiffs' estimated calculation of damages |
| 07/08/2020 | 0.30 | Served Clerk's Certificates of Default on Defendants |
| 07/07/2020 | 1.20 | Drafted and filed Plaintiffs' Request for Certificate of Default; served on Defendants |
| 05/26/2020 | 0.30 | Filed notice of appearance; filed affidavits of service for defendants |
| 05/22/2020 | 0.20 | Emails to and from process server re: service on Defendants |
| 03/27/2020 | 0.20 | Emails to and from clients re: status update |
| 03/26/2020 | 1.00 | Emails to and from Pena and Delgado re: locations worked and text messages; reviewed text messages between Delgado and Defendant |
| 03/26/2020 | 3.20 | Reviewed all schedules and time records for clients' time worked; reviewed intake notes; drafted complaint, summons, and civil cover sheet; filed case with SDNY via ECF |
| 03/25/2020 | 0.40 | Intake meeting with Jonathan Delgado via telephone; emails to and from Delgado. |
| 03/24/2020 | 0.20 | Emails to and from Pena re: timesheets |
| 03/04/2020 | 1.20 | Intake meeting with Taisha Pena and Yaneiris Fernandez to discuss potential claims |

# EXHIBIT F

# PROMPT PROCESS LI INC.

150 Veterans Memorial Hwy #1076, Commack, NY 11725

Phone 631-760-7900  --  FAX

info@promptprocess.com

**Due By: 6/25/2020**

Invoice Date: 5/26/2020

Invoice #: 1701405

Job#: 1701405

Client File#:

Attn:

Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

**TOTAL INVOICE AMOUNT DUE**

$50.00

- - - - - - -                                                                                                 - - - - - - -

---

**Job #:** 1701405    **Your #:**
**Plaintiff:** TAISHA PENA, YANEIRIS FERNANDEZ AND JONATHAN
**Defendant:** JARM COMMUNICATIONS INC., ET AL
**Civil Number** 1:20-CV-02587-VEC
**Documents:** Summons in a Civil Action and Complaint

**Recipient:**
HECTOR MORONTA
**Person Served:**
NATALIE RODRIGUEZ
2810 THIRD AVENUE, BRONX, NY 10455

**Date Received:**
3/30/2020
**Completed:**
5/22/2020

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| Summons and Verified Complaint | 1 | $50.00 | $50.00 |

Job Total Due = _____ $50.00

---

**TOTAL INVOICE CHARGES:**                                                               **$50.00**
**TOTAL INVOICE PAYMENTS:**
**TOTAL INVOICE AMOUNT DUE:**                                                        **$50.00**

**Terms:** THANK YOU FOR YOUR BUSINESS !

# PROMPT PROCESS LI INC.

150 Veterans Memorial Hwy #1076, Commack, NY 11725

Phone 631-760-7900 -- FAX
info@promptprocess.com

**Due By: 6/25/2020**
Invoice Date: 5/26/2020
Invoice #: 1701406
Job#: 1701406
Client File#:

Attn:

Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

**TOTAL INVOICE AMOUNT DUE**

$100.00

- - - - - - -                                                                                  - - - - - -

**Job #:**  1701406      **Your #:**
**Plaintiff:**  TAISHA PENA, YANEIRIS FERNANDEZ AND JONATHAN
**Defendant:** JARM COMMUNICATIONS INC., ET AL
**Civil Number** 1:20-CV-02587-VEC
**Documents:** Summons in a Civil Action and Complaint

**Recipient:**
JAH COMMUNICATIONS INC

**Person Served:**

**Date Received:**
3/30/2020
**Completed:**
5/22/2020

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| SOS | 1 | $60.00 | $60.00 |
| State Fee | 1 | $40.00 | $40.00 |

**Job Total Due =** _____ $100.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**TOTAL INVOICE CHARGES:**                                                    **$100.00**
**TOTAL INVOICE PAYMENTS:**
**TOTAL INVOICE AMOUNT DUE:**                                             **$100.00**

**Terms:** THANK YOU FOR YOUR BUSINESS !

# PROMPT PROCESS LI INC.

150 Veterans Memorial Hwy #1076, Commack, NY 11725

Phone 631-760-7900  --  FAX

info@promptprocess.com

Due By: 6/25/2020
Invoice Date: 5/26/2020
Invoice #: 1701407

Attn:

Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

Job#: 1701407
Client File#:

**TOTAL INVOICE AMOUNT DUE**

$100.00

- - - - - - -                                                              - - - - - - -

---

**Job #:** 1701407     **Your #:**
**Plaintiff:** TAISHA PENA, YANEIRIS FERNANDEZ AND JONATHAN
**Defendant:** JARM COMMUNICATIONS INC., ET AL
**Civil Number** 1:20-CV-02587-VEC
**Documents:** Summons in a Civil Action and Complaint

**Recipient:**
JARM COMMUNICATIONS INC

**Person Served:**

**Date Received:**
3/30/2020

**Completed:**
5/22/2020

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| SOS | 1 | $60.00 | $60.00 |
| State Fee | 1 | $40.00 | $40.00 |
| | | Job Total Due = | $100.00 |

---

**TOTAL INVOICE CHARGES:**                                              **$100.00**
**TOTAL INVOICE PAYMENTS:**
**TOTAL INVOICE AMOUNT DUE:**                                          **$100.00**

**Terms:** THANK YOU FOR YOUR BUSINESS !

# PROMPT PROCESS LI INC.

150 Veterans Memorial Hwy #1076, Commack, NY 11725

Phone 631-760-7900 -- FAX
info@promptprocess.com

**Due By: 6/25/2020**
Invoice Date: 5/26/2020
Invoice #: 1701408
Job#: 1701408
Client File#:

Attn:

Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

**TOTAL INVOICE AMOUNT DUE**

$100.00

- - - - - - -                                                                                          - - - - - - -

**Job #:** 1701408      **Your #:**
**Plaintiff:** TAISHA PENA, YANEIRIS FERNANDEZ AND JONATHAN
**Defendant:** JARM COMMUNICATIONS INC., ET AL
**Civil Number** 1:20-CV-02587-VEC
**Documents:** Summons in a Civil Action and Complaint

**Recipient:**
AHN COMMUNICATIONS INC

**Person Served:**

**Date Received:**
3/30/2020

**Completed:**
5/22/2020

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| SOS | 1 | $60.00 | $60.00 |
| State Fee | 1 | $40.00 | $40.00 |
| | | **Job Total Due =** | $100.00 |

**TOTAL INVOICE CHARGES:**                                                                      **$100.00**
**TOTAL INVOICE PAYMENTS:**
**TOTAL INVOICE AMOUNT DUE:**                                                               **$100.00**

**Terms:** THANK YOU FOR YOUR BUSINESS !

# PROMPT PROCESS LI INC.

150 Veterans Memorial Hwy #1076, Commack, NY 11725

Phone 631-760-7900  --  FAX

info@promptprocess.com

**Due By: 6/25/2020**

Invoice Date: 5/26/2020

Invoice #: 1701409

Job#: 1701409

Client File#:

Attn:

Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

**TOTAL INVOICE AMOUNT DUE**

$100.00

- - - - - - -                                                                                - - - - - - -

---

**Job #:** 1701409      **Your #:**

**Plaintiff:** TAISHA PENA, YANEIRIS FERNANDEZ AND JONATHAN

**Defendant:** JARM COMMUNICATIONS INC., ET AL

**Civil Number** 1:20-CV-02587-VEC

**Documents:** Summons in a Civil Action and Complaint

**Recipient:** HAJ COMMUNICATIONS INC

**Person Served:**

**Date Received:** 3/30/2020

**Completed:** 5/22/2020

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| SOS | 1 | $60.00 | $60.00 |
| State Fee | 1 | $40.00 | $40.00 |
| | | **Job Total Due =** | $100.00 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**TOTAL INVOICE CHARGES:**                                                      **$100.00**

**TOTAL INVOICE PAYMENTS:**

**TOTAL INVOICE AMOUNT DUE:**                                               **$100.00**

**Terms:** THANK YOU FOR YOUR BUSINESS !